IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Williams, | ) C/A No. 0:17-2340-TMC-PJG |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Chuck Wright, *Sheriff, Warden/Designee*, | ) |
| Defendant. | ) |

The plaintiff, Tyrone Williams, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.    Procedural Background**

Plaintiff indicates that upon entering the Spartanburg County Detention Facility, he was housed for three days without running water, had his diet restricted, and housed in conditions that were unsanitary. He also alleges that he currently receives no outside recreation time, no law library access, and a "lack of medical oversight." He indicates that his injuries include breathing problems, dry skin, athlete's foot, and "various minor maladies." He seeks damages for his injuries pursuant to 42 U.S.C. § 1983.

*PJG*

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

    **B.**    **Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges various conditions of his confinement are unlawful. However, as discussed below, the court finds that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff fails to allege any facts that would show the defendant was personally involved in any of the conditions of confinement of which Plaintiff complains. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d,

928 (4th Cir. 1977)).[1]  Also, Plaintiff's claims of "unsanitary conditions," "lack of medical oversight," and a "restricted diet" are vague and are not accompanied by facts that would plausibly state constitutional claims.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.  Further, Plaintiff's claim that he lacks law library access is not a cognizable claim for a constitutional violation because Plaintiff is a pretrial detainee.  See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

**III.   Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.[2]

October 5, 2017  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*  
*"Notice of Right to File Objections to Report and Recommendation."*

---

[1] The court assumes Plaintiff seeks damages from the defendant in his individual capacity because the defendant is immune from suit in his official capacity as the Spartanburg County Sheriff, pursuant to the Eleventh Amendment.  See Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table).

[2] The court notes that Rule 15 of the Federal Rules of Civil Procedure allows for amendments to pleadings where the original pleading is defective.  See Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (holding a plaintiff may amend his pleading to add a party without the leave of court where the plaintiff has not yet amended as a matter of right, and the defendant has not filed a responsive pleading).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).